## TRUAX–TRAER COAL CO. v. NATIONAL BITUMINOUS COAL COMMISSION.

### No. 6559.

Circuit Court of Appeals, Seventh Circuit.

Feb. 17, 1938.

George T. Evans, of Chicago, Ill. (Winston, Strawn & Shaw, of Chicago, Ill., of counsel), for petitioner.

Robert W. Knox, and William H. Matthews, Jr., both of Washington, D. C., for respondent.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

PER CURIAM.

On April 26, 1937, Congress enacted a law known as "An Act to regulate interstate commerce in bituminous coal, and for other purposes." 50 Stat. 72, 15 U.S.C.A. § 828 et seq. The Code referred to in section 4 of said act, 15 U.S.C.A. § 831, was promulgated by the Commission on June 21, 1937. Numerous coal companies operating in the state of Illinois, including the petitioner, are code members who accepted the code. The National Bituminous Coal Commission was duly appointed and is now duly organized. It has divided the United States into twenty-three territorial divisions known as districts. The state of Illinois is in District No. 10.

The Commission has made and entered an order which fixed the prices at which coal in said District No. 10 might be sold for railroad locomotive fuel.

The petitioner is a code member and seeks relief from said order and a stay of the Coal Commission's orders fixing prices for railroad locomotive fuel until this application may be heard on its merits. We have entered an order requiring the Coal Commission to make a return. The present application asks for relief until the petition can be fully heard on its merits. In short, petitioner seeks a *pendente lite* order restraining the Commission from enforcing its order providing for minimum prices for coal sold in the state of Illinois for railroad locomotive fuel.

While this matter was being presented to us, the United States Circuit Court of Appeals for the District of Columbia, on the applications of various railroads operating in different sections of the United States, entered an order which, during the pendency of the appeal, directed that the orders of the National Bituminous Coal Commission Nos. 89–101, inclusive, and Nos. 113, 114, 140–147, inclusive, in so far as they undertook to fix and establish minimum prices for the sale of locomotive fuel coal, be stayed until the further order of the court. This order was later modified so that it extended only to the railroads which had sought relief. The injunction, however, in substance made inoperative the orders of the Commission which fixed the minimum prices of coal for railroad fuel.

Our first impression was that the order of the Circuit Court of Appeals of the District of Columbia made the question here presented, moot. In other words, the order fixing the prices fixed for the purchase and sale of railroad coal was suspended, and the Commission was enjoined from making such prices effective. Such is the general effect of the injunctional order, entered by a court of competent jurisdiction with the Commission and the railroads both before it. We assume this order of the court is binding on both parties until it is set aside and is not subject to collateral attack.

On reflection, however, we find that there are provisions of the Act which impose penalties upon a code member who fails to comply therewith, and there may arise a situation where doubt and uncertainty as to the extent and effect of the court's order are concerned. It is, of course, apparent that the same order that is applicable to the railroads should apply to the coal companies who sell the coal to the railroads. While binding upon the parties before the court, petitioner was not a party to those proceedings.

On this argument, which was limited to the petitioner's request for temporary injunction, the constitutionality of the law was not questioned. The Coal Commission has not had time to make its return and the temporary relief which is sought is to run only until the case may be determined on its merits.

It would be most confusing if the order of the Commission were restrained as to certain railroads or in certain districts and there was no like restraining order in other districts.

It follows that this court must enter a *pendente lite* order which will enjoin the Coal Commission from enforcing the schedule of prices fixed in its order at which the petitioner and other code members producing coal in District No. 10 may sell coal to railroads for locomotive fuel. Such an order will be without prejudice to either party to apply for its modification or vacation at any time if a change in the conditions arises and upon the hearing on its merits after the Coal Commission has made full return to the petition on file.

An order will be entered accordingly.